UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> APPROXIMATELY $38,500 IN UNITED STATES CURRENCY, et al., <br> Defendants. | Case No. 17-cv-03740-KAW <br><br> **ORDER REGARDING MOTION FOR DEFAULT JUDGMENT** <br><br> Re: Dkt. No. 19 |

On July 31, 2018, Plaintiff United States of America filed the pending motion for default judgment. (Dkt. No. 19.) On August 14, 2018, Defendants $38,500 and Christian Bedoya filed an answer and an opposition to the motion for default judgment. (Dkt. Nos. 22, 23.) Defendants contend that the failure to defend was due to inadvertence and/or excusable neglect by Defendants' counsel. (Dkt. No. 23 at 2.) In support, Defendants' counsel, Ray Shackelford, submitted an affidavit which stated that: (1) his practice had been affected by Hurricane Harvey, affecting his ability to respond to Plaintiff's counsel; (2) he suffered personal medical issues with his left eye; and (3) his daughter had a preterm birth that affected his ability to handle his cases. (Shackelford Affidavit at ¶¶ 5-7, 10, Dkt. No. 23-2.)

It appears that in their opposition, Defendants seek to have the Court set aside entry of default. Defendants, however, have not filed a motion to set aside entry of default. In the interests of judicial efficiency, the Court ORDERS the parties to meet and confer as to whether they will stipulate to setting aside entry of default, particularly in consideration of "the general rule that default judgments are ordinarily disfavored," and that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986); *see also Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009). If the parties are not

able to stipulate to setting aside entry of default, Defendants are directed to file a motion to set aside entry of default by **September 27, 2018**. In the meantime, the Court VACATES the hearing on Plaintiff's motion for default judgment; the Court will reset the hearing should Defendants fail to file a motion to set aside entry of default.

The Court also notes that it does not appear Defendants' counsel is qualified to practice in this district; Defendants' counsel is not a member of the bar of this Court, nor has he applied for *pro hoc vice* status. *See* Northern District of California Local Rules 11-1(a), 11-3. Before Defendants may file a motion to set aside entry of default, Defendants must be represented by counsel who is qualified to practice in this district. Otherwise, Defendants' motion to set aside entry of default will be terminated, and Plaintiff's motion for default judgment will be set for hearing.

IT IS SO ORDERED.

Dated: August 28, 2018

KANDIS A. WESTMORE
United States Magistrate Judge